ANTHONY A. RUSSO
RUSSO & GRAHAM
600 Stewart Street, Suite 1510
Seattle, WA 98101
Telephone (206) 448-5905
Facsimile (206) 441-4743
Email: tony@russograham.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **EMMETT L. SMITH AND YESFIR MIKHAYLIK, a/k/a ESTHER SMITH** a married couple, individually and through the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, and **HEALTHPOINT**, a Washington nonprofit Corporation,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**CLERK'S ACTION REQUIRED** |

The plaintiff, Emmett Smith, for his Complaint against the defendant, Defendant United States, alleges as follows:

### I. NATURE OF THE ACTION

1. This is a post-settlement action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 in which Emmett Smith seeks a determination that he has no duty to pay back to the defendant, United States Department of Health and Human

COMPLAINT FOR DECLARATORY
JUDGMENT - 1

LAW OFFICES OF
**RUSSO & GRAHAM**
SUITE 988
2033 6TH AVENUE
SEATTLE, WASHINGTON 98121
(206) 448-5905

Services Office of Medicare, such amounts that were paid for his medical care under ESRD because said defendant has already accepted the benefits of such payments are part of the settlement in the underlying Lawsuit (a copy of the Amended Complaint is attached and marked as Exhibit A). Alternatively, repayment of any such sums due Medicare should be paid by the Settlement Reversionary Trust (Exhibit B trust document).

## II. THE PARTIES

2. EMMETT SMITH is the plaintiff in the underlying Lawsuit and a resident of King County, State of Washington.

3. UNITED STATES OF AMERICA is the defendant, because in the underlying Lawsuit it was the legal principle for HealthPoint, a community health center, and also legal principle for Medicare which is an agency within the Department of Health and Human Services.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy between EMMETT SMITH and UNITED STATES exists within the meaning of 28 U.S.C. § 2201 regarding whether the UNITED STATES by its actions obtained the benefit for Medicare payment previously made under ESRD, thereby relieving EMMETT SMITH of that duty to repay Medicare as asserted in the Letter from Medicare and related appeal documents set out and attached hereto as Exhibit C described below.

Exhibit C-1   Medicare letter of Intent to Refer Debt of November 20, 2017

COMPLAINT FOR DECLARATORY
JUDGMENT - 2

LAW OFFICES OF
**RUSSO & GRAHAM**
SUITE 988
2033 6TH AVENUE
SEATTLE, WASHINGTON 98121
(206) 448-5905

Exhibit C-2   Plaintiffs' Appeal of Medicare Decision to Refer Debt – November 28, 2017

Exhibit C-3   Medicare Notice of Decision – August 22, 2018

6. The jurisdiction of this court over the subject matter of this action is predicated on 28 U.S.C. § 28 U.S.C. §1346(a), 2401(b), 2671-2680.  This Court has original jurisdiction under 28 U.S.C. §1346(a)(2) in that it is a civil action on a claim against the UNITED STATES OF AMERICA not exceeding $10,000.  Therefore, jurisdiction is proper.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the defendant resides in this judicial district.

## IV. THE UNDERLYING LAWSUIT

8. In the Lawsuit, EMMETT SMITH claimed injury and damages resulting from medical care provided by the UNITED STATES.  The injuries caused by the negligence of the UNITED STATES resulted in certain payments made on EMMETT SMITH's behalf by Medicare for which they are now seeking repayment.

9. The parties to the Lawsuit participated in a mediation that resulted in a settlement.

10. During the mediation process that ultimately lead to the settlement, EMMETT SMITH was advised by the legal representative for the United States that Mr. Smith did not need to worry about repayment of the Medicare lien because the United States is entitled to an off-set for any Medicare benefits paid on behalf of Mr. Smith.

11. The off-set was factored into the settlement amount for any and all Medicare benefits paid on behalf of Mr. Smith by Medicare. Having once received credit for payments made, the United States is not now entitled to be paid a second time from the balance of the settlement proceeds.

COMPLAINT FOR DECLARATORY
JUDGMENT - 3

LAW OFFICES OF
RUSSO & GRAHAM
SUITE 988
2033 6TH AVENUE
SEATTLE, WASHINGTON 98121
(206) 448-5905

12. The UNITED STATES made the following assertion that was relied on by the parties in the settlement of the underlying Lawsuit. "In cases against the United States, the defendant is entitled to an offset for payments made under Medicare for ESRD. In *Carpenter v. United States*, No. 13-5633 RJB, 2014 WL 3767408 (W.D. Wash. Jul. 31, 2014), Judge Bryan ruled that the United States was due an offset on all past medical damages where care had been obtained from the United States in the form of Medicare benefits and that if the United States could show at trial that the plaintiff would continue to be compensated for medical care, an offset for future medical damages would be appropriate as well."

13. Accordingly, Mr. Smith was going to be forbidden from collecting any damages from the defendant to compensate Medicare for its lien, so Medicare has no right of recovery from a settlement against the United States. In short, no Medicare repayment funds were part of the settlement agreed to by the parties.

## V. UNITED STATES ABANDONED MEDICARE OBLIGATION

14. After the settlement amount and other terms were reached, but before the final documents were signed, the UNITED STATES abandoned its commitment to take care of the Medicare lien.

15. Without waiving his right to have the United States satisfy the Medicare lien, EMMETT SMITH voluntarily undertook the Medicare appeal process.

16. EMMETT SMITH's efforts were unsuccessful through the administrative appeal process because there was no finding in the underlying Lawsuit giving the UNITED STATES an offset for the Medicare payment. The administrative proceeding documents are attached as Exhibits D (Decision of Administrative Law Judge of September 11, 2018) and E (November 2018 Acknowledgement of receipt of Appeal by Medicare Appeals Council).

## VI. PRAYER FOR RELIEF

COMPLAINT FOR DECLARATORY
JUDGMENT - 4

LAW OFFICES OF
RUSSO & GRAHAM
SUITE 988
2033 6TH AVENUE
SEATTLE, WASHINGTON 98121
(206) 448-5905

WHEREFORE, Plaintiff EMMETT SMITH prays as follows:

17. For a declaration that he has no duty to repay the Medicare lien because the UNTIED STATES has already obtained the benefits of said amount as part of the settlement of the underlying Lawsuit.

18. Alternatively, for an order from this court authorizing the Medicare lien be paid by the Settlement Reversionary Trust; and

19. For such other and further relief this Court may deem just and proper.

DATED this 11th day of January, 2019.

RUSSO & GRAHAM

ANTHONY A. RUSSO

2033 6th Avenue, Suite 988
Seattle, WA 98121
Phone (206) 448-5905
Fax (206) 441-4743
tony@russograham.com
Attorney for Plaintiff
WSBA No. 6272

NELSON LAW GROUP PLLC

/s/Todd M. Nelson
TODD M. NELSON

600 Stewart Street Suite 100
Seattle, WA 98101
Phone (206) 269-8290
Fax (206) 269-8291
todd@nelsonlawgroup.com
Attorney for Plaintiff
WSBA No. 18129

COMPLAINT FOR DECLARATORY
JUDGMENT - 5

LAW OFFICES OF
**RUSSO & GRAHAM**
SUITE 988
2033 6TH AVENUE
SEATTLE, WASHINGTON 98121
(206) 448-5905