UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

EMMETT L. SMITH,
YESFIR MIKHAYLIK
a/k/a ESTHER SMITH,

    Plaintiffs,

v.

UNITED STATES OF AMERICA;
HEALTHPOINT;
DEP'T OF HEALTH AND HUMAN SERVICES;
OFFICE OF MEDICARE,

    Defendants.

CASE NO. 2:19-cv-00060-BJR

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Emmett Smith[1] brings this action seeking: (1) declaratory relief that he is not required to reimburse the government the amounts paid for his medical treatment for his kidney disease or, alternatively, that repayment should be paid by a settlement reversionary trust, (2) review of the final HHS administrative decision affirming Smith's obligation to repay the Medicare program, and (3) a claim under the Little Tucker Act for amounts the government took from Smith's tax refund in partial satisfaction of his Medicare debt. Before the Court is Defendants' partial motion to dismiss the first and third Claims. Plaintiff opposes the motion and

---

[1] The Amended Complaint also lists Emmett Smith's spouse Yesfir Mikhaylik, also known as Esther Smith as a Plaintiff. For reasons stated in this order, Emmett Smith is the only proper Plaintiff and the Court refers to him as "Plaintiff."

1

the matter is now fully briefed. *See* Dkt Nos. 27, 29, 30. Having considered the parties' submissions, the record of the case, and relevant legal authorities, the Court will GRANT in part and DENY in part Defendants' motion.

## II. BACKGROUND

In 2012 and 2013, Emmett Smith sought medical treatment at HealthPoint Community Clinic, a federally funded community health center, in Renton, Washington. Dkt. No. 12-1 at 3-4. In February 2013 he was sent to a larger hospital, where testing revealed that he had acute renal failure, a condition also known as End-Stage Renal Disease ("ESRD"). *Id.* at 4. He immediately began emergency dialysis and learned that he only had 5-6% kidney function and would require a kidney transplant. *Id.*

Medicare paid for much of Smith's medical treatment. Medicare is a federal program administered by the Centers for Medicare and Medicaid Services ("CMS"), which is a federal agency within the U.S. Department of Health and Human Services ("HHS"). Medicare pays for medical care for the aged, disabled, and persons suffering from ESRD. *See* Medicare Act, 42 U.S.C. § 1395, *et seq.* Medicare was originally designed to paid for medical services regardless of whether the beneficiary was also covered by other insurance. Beginning in 1980, however, Congress enacted the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b)(2), to reduce program costs by making Medicare coverage secondary to other insurance coverage. *Health Ins. Ass'n of America, Inc. v. Shalala*, 23 F.3d 412, 414 (D.C. Cir. 1994). The MSP statute permits Medicare to make conditional payments that are subject to reimbursement if paid by another source. 42 U.S.C. § 1395y(b)(2)(B)(i). Under MSP, HHS through CMS can pursue reimbursement, including, if necessary, from a Medicare beneficiary. *See* 42 C.F.R. § 411.37; *Buckner v. Heckler*, 804 F.2d 258, 259 (4th Cir. 1986).

2

In 2014 Smith filed an administrative claim under the Federal Tort Claims Act ("FTCA"), 28 USC §§ 1346(b), 2401(b), 2671-80, alleging that the United States, through HealthPoint and its doctors, was negligent in diagnosing and treating his kidney condition. After the United States denied the claim, Smith filed suit in 2015 against the United States. *See Smith v. United States*, Case No. 2:15-cv-00116-RSL (W.D. Wash.). Following mediation, the FTCA claim was settled and then dismissed by stipulated motion on June 20, 2017. As part of the settlement, the parties established an Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust to pay benefits to Smith related to the underlying FTCA lawsuit. Dkt. No. 12-2.

Following the settlement and dismissal of Smith's FTCA claim, CMS, through its Medicare contractor, issued a letter demanding that Smith repay Medicare $33,513.79, plus future interest. Dkt. No. 12-3 at p. 2. This letter included a notice of intent that CMS would refer the debt to the Department of Treasury for cross-servicing. *Id.*

Smith sought review of this demand for reimbursement through a four-step administrative review process. At these stages Smith argued that he should not have to reimburse Medicare because he had already settled his FTCA claim with the United States for a lower amount to account for and eliminate his debt to Medicare. First, he sought a redetermination from the Medicare contractor, who concluded that the demand for reimbursement plus accumulated interest was properly made. *See* Dkt. No. 12-5 at p. 6. Second, Smith sought reconsideration by a Qualified Independent Contractor, who also found that Smith owed the Medicare program the amount sought. *Id.* Third, Smith requested a hearing before an administrative law judge ("ALJ") who held a *de novo* review hearing and issued a decision affirming Smith's obligation to repay Medicare. *Id.* at p. 15. Fourth, Smith appealed the ALJ's finding to the Medicare Appeals Council,

which on April 5, 2019 issued a final decision affirming Smith's obligation to repay the Medicare program. *See* Dkt. No. 12-7 at p. 2; Dkt. No. 12 at p. 5.

On February 27, 2019 the Department of Treasury notified Smith that it had withheld $9505 from Smith's joint tax refund in partial satisfaction of his debt to Medicare. Dkt. No. 29-1 at 5.

Plaintiff filed the present action in this Court on January 14, 2019, and amended his complaint on May 9, 2019. Compl., Dkt No. 1, Am. Compl., Dkt. No. 12.

### III. LEGAL STANDARDS

#### A. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action for lack of subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *A—Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp.* v. *Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by *Hertz Corp.* v. *Friend*, 559 U.S. 77 (2010). Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the case. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the court must accept as true all well-

4

pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, a federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Therefore, a plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225. If at any time the court determines that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

**B. Failure to State a Claim**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 12(b)(6), dismissal can be granted based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in a plaintiff's favor. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations and citation omitted).

## IV. DISCUSSION

Defendants move to dismiss portions of Smith's complaint under Federal Rules of Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. No. 27. Specifically, Defendants assert that Smith's claims before this Court should be limited to those for which he has already exhausted remedies through HHS's administrative review processes. Defendants also argue that Esther Smith is not a proper Plaintiff and that the only proper Defendant is the Secretary of HHS.

### A. Plaintiff's Claims "Arise Under" the Medicare Act

Congress established a detailed process for judicial review of Medicare disputes by incorporating by reference provisions of the Social Security Act. *See* 42 U.S.C. § 1395ff(b)(1). A person dissatisfied with a Medicare determination must follow an administrative review process culminating in a "final decision" by the Secretary. 42 U.S.C. § 405(b)). An individual may seek judicial review of the Secretary's final decision as set forth in 42 U.S.C. § 405(g).

Importantly, the judicial review process outlined in section 405(g) is the exclusive avenue for obtaining federal court review of claims "arising under" the Medicare Act. Section 405(h) of the Social Security Act, which is also incorporated by reference in the Medicare Act (*see* 42 U.S.C. § 1395ii), provides that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social

Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

Based on this statutory framework, the Court must first consider whether Plaintiff's claims arise under the Medicare Act, and are therefore subject to judicial review only as set forth in section 405(g). The Supreme Court has held that a claim arises under the Medicare Act when the Act provides "both the standing and substantive basis for the presentation of the claims." *Weinberger v. Salfi*, 422 U.S. 749, 761, 95 S. Ct. 2457, 2464, 45 L. Ed. 2d 522 (1975) (internal quotations and citations omitted). Notably, the Supreme Court has broadly construed the "arising under" language and has held that section 405(h) "channels most, if not all, Medicare claims through this special review system." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8 (2000).

Plaintiff's claims clearly arise under the Medicare Act. The essence of Plaintiff's argument is that HHS has improperly pursued reimbursement under the MSP statute. Resolution of Plaintiff's claims therefore turns on interpretation of the MSP statute and regulations as they pertain to recovery from a Medicare beneficiary who obtains a settlement with the United States. Accordingly, Plaintiff's claims arise under the Medicare Act and are governed by 42 U.S.C. § 405(h).

Having concluded that Plaintiff's claims arise under the Medicare Act, the Court next turns to determining whether the Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 405. Defendants do not dispute that Plaintiff followed the required administrative procedures outlined in 42 U.S.C. § 405(b) and sought judicial review as outlined in 42 U.S.C. § 405(g). Defendants also do not dispute that this Court has subject matter jurisdiction to review the final decision of the Secretary regarding Plaintiff's obligation to reimburse Medicare. Thus, Plaintiff's second claim for judicial review of HHS's final decision is not in dispute in this motion to dismiss. Defendants instead argue that the Court lacks jurisdiction over Plaintiff's two other claims: his request that the

Court grant declaratory relief under 28 U.S.C. §§ 2201 and 2202, and his claim under 42 U.S.C. § 1346(a)(2), also known as the Little Tucker Act.

**B. The Court Has Jurisdiction Over Plaintiff's Declaratory Judgment Claim**

A court may award declaratory relief "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. Defendants argue that the declaratory judgment statute does not confer federal subject matter jurisdiction and Plaintiff is therefore required to plead an independent basis for jurisdiction. Although Defendants are correct that the declaratory judgment statute does not confer subject matter jurisdiction, here Plaintiff has pled an independent basis for jurisdiction – 42 U.S.C. § 405(g).

Since Plaintiff has pled an independent basis for jurisdiction, the next question is whether section 405(g) somehow curtails the Court's power to award declaratory relief. That section, however, speaks expansively of the Court's power to enter "a judgment affirming, modifying, or reversing the decision" of the Secretary and is otherwise silent regarding the Court's authority to award declaratory relief. *Id.* Accordingly, the Court is not persuaded that section 405(g) precludes the Court from awarding declaratory relief pursuant to 28 U.S.C. § 2201 and will thus deny Defendants' motion.

**C. The Court Does Not Have Jurisdiction Over the Little Tucker Act Claim**

Defendants also contest the Court's subject matter jurisdiction under the Little Tucker Act, 42 U.S.C. § 1346(a)(2), to return the $9505 that was applied from Plaintiff's tax return in partial satisfaction of the debt owed to Medicare. While Plaintiff's Amended Complaint is quite brief, it appears that he claims that he should not be subject to a Medicare lien because he should not owe any money to Medicare. To that extent, this claim arises under the Medicare Act. For such claims, the Medicare Act directly bars jurisdiction under the Little Tucker Act: "No action against the

8

United States... shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

Though not raised in the Amended Complaint, Plaintiff in his opposition to the motion to dismiss urges the Court to invoke its ancillary jurisdiction. Ancillary jurisdiction permits a court to permit disposition by a single court of matters that are factually interdependent. Plaintiff urges the Court to invoke ancillary jurisdiction powers to consider both the Medicare appeal and Little Tucker Act claim together. The Court finds that this invocation of ancillary jurisdiction is not warranted given the explicit statutory language barring jurisdiction under the Little Tucker Act. The Court thus declines to assert ancillary jurisdiction over Plaintiff's Little Tucker Act claim.

The Court will thus grant Defendants' motion to dismiss the Little Tucker Act claim. The Court notes, however, that resolution of Plaintiff's appeal of the Medicare final decision pursuant to 42 U.S.C. § 405(g) will also resolve the issue of whether Plaintiff's $9,505.00 tax return should have been withheld since that amount is subsumed in the larger dispute over Medicare reimbursement.

**D. Esther Smith is Not a Proper Plaintiff**

Plaintiff's amended complaint lists, in addition to himself, his spouse Yesfir Mikhaylik (also known as Esther Smith) as a co-plaintiff. Defendants move to dismiss Mikhaylik, arguing that she is ineligible to appeal HHS's determination that Smith is obligated to reimburse Medicare. This is because the only persons who are entitled to judicial review of Medicare determinations are "(a)ny individual[s], after any final decision..." from HHS. *See* Section 405(g). In this case, only Smith has obtained a final decision HHS, not Mikhaylik. Plaintiff appears to concede that Mikhaylik's dismissal is warranted, as his response did not address Defendant's argument, and

refers only to himself as the Plaintiff. *See* Dkt. No. 29. Since Mikhaylik is not a proper Plaintiff, the Court will dismiss her from the case without leave to amend.

### E. The Only Proper Defendant is the Secretary of HHS

Plaintiff's Amended Complaint lists four Defendants: the United States of America, HealthPoint, the Department of HHS, and the Office of Medicare.[2] Defendants assert that the Department of HHS is the only proper Defendant and that the others should be dismissed. Dkt. No. 27 at 1. Smith counters that two of the other Defendants, the United States and HealthPoint, should remain as parties since they are necessary for a just adjudication of the case, but offers no argument or authority in support of this conclusory statement. Dkt. No. 29 at 5.

As is already established, a Medicare beneficiary may obtain judicial review of a final decision of HHS pursuant to 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1395w-104(h). HHS's governing regulations specify that in such judicial review, the "Secretary of HHS, in his or her official capacity, is the proper defendant." 42 C.F.R. § 423.2136(a). Based on this plain language, the Secretary of HHS is the proper Defendant and the other three listed Defendants are not. *See Bruce v. Azar*, 389 F.Supp.3d 716, 721, Case No. 18-cv-05022-HSG (N.D. Cal. June 18, 2019) (dismissing two private insurance companies from an action and concluding that the Secretary of HHS is the only proper defendant in a judicial review of a Medicare final decision). Accordingly, the Court will dismiss Plaintiff's action as to Defendants United States, HealthPoint, and the Office of Medicare, without leave to amend.

---

[2] The Court assumes that Plaintiff's reference to the Office of Medicare is intended to refer to CMS.

## V. CONCLUSION

Defendants' partial motion to dismiss (Dkt. No. 27) is GRANTED in part and DENIED in part, as follows:

1. The motion to dismiss the claim for declaratory judgment is DENIED.

2. The motion to dismiss the Little Tucker Act claim is GRANTED.

3. Yesfir Mikhaylik (a/k/a Esther Smith) is DISMISSED as a Plaintiff.

4. Plaintiff's Amended Complaint (Dkt. No. 12) is DISMISSED as to Defendants the United States of America, HealthPoint, and Office of Medicare.

5. Plaintiff and Defendant are ordered to undergo mediation. They shall file a joint status report no later than January 31, 2020 with the status of their mediation efforts. Existing case management deadlines shall remain in effect during this mediation.

DATED this 2nd day of January, 2020.

SO ORDERED.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE